IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 00-0045-WS |
| | ) | |
| **ANTHONY S. WIGGINS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter is before the Court on defendant's pleading styled "Motion Under Rule 12(b)(1) Federal Rule of Civil Procedure" (doc. 24).

The court file reflects that on July 11, 2000, after a jury trial, defendant/petitioner Anthony S. Wiggins was found guilty of one count of bank robbery by force or violence, in violation of 18 U.S.C. § 2113(a). On December 8, 2000, the late United States District Judge Richard W. Vollmer, Jr. sentenced Wiggins to a term of imprisonment of 96 months, a supervised release term of three years, restitution of $4,000, and a special assessment of $100. On February 20, 2001, Wiggins filed a Notice of Appeal (doc. 20), challenging his sentence on the following grounds: (1) that he was denied due process based on a witness's in-court identification of him after being exposed to an unduly suggestive photographic line-up; (2) that the trial judge erred in admitting evidence of his previous bank robbery convictions; and (3) that the trial court failed to explain its reasons for departing upward at sentencing. On March 28, 2002, the Eleventh Circuit affirmed the conviction and sentence. From March 29, 2002 through September 18, 2006, this file reflects no activity of any kind. Wiggins has never filed a petition to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

Now, more than four years after his conviction became final, Wiggins comes forward with a *pro se* motion asking that his criminal conviction be set aside because he purportedly never waived his right to have jury selection performed by an Article III judge, such that the magistrate judge exceeded his jurisdiction by conducting jury selection without his consent. Based on this alleged procedural error, Wiggins requests that his conviction be set aside.

There are two fatal defects with this Motion. First, Rule 12(b)(1) of the Federal Rules of

Procedure is plainly not the correct procedural device for Wiggins' motion.  Rather, his request is cognizable, if at all, only under 28 U.S.C. § 2255, as a petition to vacate, set aside or correct his sentence.  But any petition that Wiggins might wish to file under § 2255 had to be filed within one year after the date on which his conviction became final.  *See* 28 U.S.C. § 2255; *Washington v. United States*, 243 F.3d 1299, 1300 (11th Cir. 2001) ("AEDPA provides that, barring other circumstances not relevant here, the one-year limitation period to file a motion to vacate runs from the date on which the judgment of conviction becomes final.").  Wiggins' conviction became final in 2002 when the deadline for filing a petition for writ of certiorari with the United States Supreme Court expired.  Thus, the deadline for presenting a post-conviction objection to his jury selection procedures via a § 2255 motion has long since expired, and Wiggins has offered no basis whatsoever for applying principles of equitable tolling to his request.  *See generally Dodd v. United States*, 365 F.3d 1273, 1282 (11th Cir. 2004) (observing that equitable tolling in the § 2255 context is an extraordinary remedy which is typically applied sparingly, and only where extraordinary circumstances have worked to prevent otherwise diligent petitioner from timely filing his petition, with burden of showing extraordinary circumstances resting squarely on petitioner).  Thus, the instant motion is plainly time-barred and is due to be denied on that basis.

Second, even if the merits of Wiggins' Motion could properly be considered, which they cannot, the Motion rests on a factually incorrect premise.  Wiggins contends that he did not consent in writing to the magistrate judge conducting voir dire.  The court file reflects otherwise.  Indeed, document 8 is a Consent to Proceed before a United States Magistrate Judge for Selection of the Jury in a Felony Case, and is dated July 5, 2000, the very date on which jury selection was carried out in this case.  The Consent form is executed by counsel for the Government, defendant's counsel Daniel Wannamaker, and defendant Wiggins himself, with all three signatures being dated July 5, 2000.[1]  The signature of Wiggins on the Consent Form bears a striking similarity to Wiggins' signature on the papers relating to his present motion.  Thus, the

---

[1] Interestingly, the Consent Form that Wiggins appends to his present motion is dated June 12, 2000 and is signed only by counsel for the Government.  This exhibit is plainly an earlier iteration of the Consent Form, the operative version of which is dated three weeks later, is fully executed and is found in the court file at document 8.

court file unequivocally reflects that Wiggins did indeed consent in writing to having a magistrate judge conduct jury selection in his case. Any attempt by defendant to secure post-conviction relief on the ground that he never provided such consent would be irreconcilable with the record in this case.

For these reasons, defendant's Motion under Rule 12(b)(1) Federal Rule of Civil Procedure is **denied** as frivolous, inasmuch as it is both time-barred and predicated on a patently counterfactual premise.

DONE and ORDERED this 22nd day of September, 2006.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE